# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLIN M. RANDOLPH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>C. SANDOVAL, et al.,<br><br>　　　　Defendants. | Case No. 1:18-cv-00968-LJO-BAM (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION REGARDING STATUS OF COMPLAINT AND RETALIATORIAL PRACTICES THAT ARE CURRENTLY BEING DEPLOYED BY DELANO/K.V.S.P. CORRECTIONAL STAFF<br><br>(ECF No. 10) |

Plaintiff Colin M. Randolph is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on July 18, 2018. (ECF No. 1.)

Currently before the Court is Plaintiff's motion regarding the status of his complaint and retaliatory practices that are currently being deployed by Kern Valley State Prison correctional staff, filed on March 22, 2019. (ECF No. 10.) The Court interprets Plaintiff's motion as a motion for case status and a notification that Plaintiff is alleging that various retaliatory actions have been taken by Kern Valley State Prison officials and correctional staff since he filed the instant case.

First, the Court reminds Plaintiff that, generally, the Court will not respond in writing to individual inquiries regarding the status of a case. (ECF No. 3, at 3-4.) However, given the more than six-month delay in screening Plaintiff's complaint, Plaintiff's request for a case status is GRANTED. Plaintiff is informed that, on July 19, 2018, the Court issued an order granting Plaintiff's application to proceed *in forma pauperis* and order directing payment of inmate filing

fee by California Department of Corrections. (ECF No. 7.) The Court has issued no other orders since that time.

Plaintiff is reminded that the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court screens complaints in the order in which they are filed and strives to avoid delays whenever possible. However, there are hundreds of prisoner civil rights cases presently pending before the Court, and delays are inevitable despite the Court's best efforts. Due to the heavy caseload, Plaintiff's complaint is still awaiting screening. The Court is aware of the pendency of this case and will screen Plaintiff's complaint in due course. Further, so long as Plaintiff keeps the Court apprised of his current address, Plaintiff will receive copies of all Court decisions which might affect the status of his case.

Second, the Court has reviewed the allegations that Plaintiff has made in paragraph number 2 and Appendix A regarding the March 10, 2019 seizure of all his discovery related to this action and other non-related legal documents and regarding other alleged retaliatory actions taken by Kern Valley State Prison officials and correctional staff. However, since Plaintiff does not request that the Court issue any order or grant any relief, the Court does not interpret Plaintiff's allegations as a motion or request for any relief. Instead, the Court acknowledges that it has read, and is now aware of, Plaintiff's allegations in Paragraph 2 and Appendix A of his March 22, 2019 filing.

Accordingly, Plaintiff's motion for case status, (ECF No. 10), is GRANTED, as set forth above, and the Court informs Plaintiff that it has read, and is now aware of, Plaintiff's allegations in Paragraph 2 and Appendix A of his March 22, 2019 filing.

IT IS SO ORDERED.

Dated: **March 26, 2019**      /s/ *Barbara A. McAuliffe*
                                                     UNITED STATES MAGISTRATE JUDGE