# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| COLIN M. RANDOLPH, | Case No. 1:18-cv-00968-LJO-BAM (PC) |
|---|---|
| Plaintiff, | SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ON COGNIZABLE CLAIMS |
| v. | |
| C. SANDOVAL, et al., | |
| Defendants. | (ECF No. 1.) |

Plaintiff Colin M. Randolph ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action under 42 U.S.C. § 1983. Plaintiff's complaint, filed on July 18, 2018, is currently before the Court for screening. (ECF No. 1.)

**I.  Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir.

2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.     Plaintiff's Allegations

Plaintiff is currently housed at Kern Valley State Prison in Delano, California. The events in the complaint are alleged to have occurred at Kern Valley State Prison ("KVSP") and Corcoran State Prison ("CSP"). Plaintiff names the following defendants: (1) Lieutenant C. Sandoval; (2) Officer V. Benavides: (3) Officer H. Carrillo; (4) Committee Counselor I D. Tyson; (5) Associate Deputy Warden C. Pfeiffer; (6) Facility Captain R. Corley; (7) Lieutenant and Hearing Officer S. Wilson; (8) Lieutenant S. Henderson; (9) M. Henderson; (10) G. Marquez; (11) CSP Property Officer Castellaro: (12) CSP Lieutenant M. Bejarano; (13) KVSP Lieutenant R. Speidell; and (14) Deputy District Attorney J. A. Hartnett.

Plaintiff alleges as follows. On August 24, 2014, Defendants Benavides and Carrillo gave Plaintiff direct orders to exit his cell. Plaintiff complied, but, without provocation, was pepper sprayed in the face. Plaintiff immediately proned out on his cell floor and was pepper sprayed over his entire body by Defendants Benavides and Carrillo. Plaintiff's face, torso, groin and legs were covered with pepper spray, burning his skin, eyes and throat. Plaintiff was then handcuffed by Defendant Carrillo and led to a holding tank. Plaintiff was subsequently seen by medical staff.

Defendant Sandoval conducted an interview regarding the incident and alleged use of excessive force. Plaintiff informed Defendant Sandoval of the circumstances involving the use of force by Defendants Benavides and Carrillo. Defendant Sandoval asked Plaintiff if he would be pursuing legal action against those defendants. After stating that he would, Plaintiff was told by Defendant Sandoval that he would be placed in solitary confinement for charges that would make his legal pursuit a waste of time.

2

Plaintiff was taken to Administrative Segregation and placed in solitary confinement. Defendant Sandoval gave Plaintiff a CDCR 114D lock up order bearing his name and signature. The order read, in part, as follows: "Staff saw you flushing bindles of an unknown substance down the toilet and force was used to stop you." (ECF No. 1 at 9.) Plaintiff alleges that this statement of facts was fabricated by Defendant Sandoval in order to place Plaintiff in solitary confinement. The statement also was not consistent with reporting staff's incident report. Plaintiff told Defendant Sandoval that the lock up order was false and that placing him in solitary confinement was cruel and unusual punishment. Defendant Sandoval stated that he did not care.

On August 28, 2014, Plaintiff was seen by a reviewing committee regarding the lock up order authored by Defendant Sandoval. The reviewing committee admonished Plaintiff for the use of force and told Plaintiff an investigation regarding his possession of a controlled substance for distribution was taking place during which time Plaintiff would be retained in solitary confinement. Plaintiff explained to the reviewing committee members--Defendants Tyson, Pfeiffer, Corley, Henderson, Wilson and Hernandez--that he was unnecessarily pepper sprayed by Defendant Benavides and Carrillo without provocation. Plaintiff also reported that Defendant Sandoval falsified and fabricated evidence on the lock up order and placed him in the administrative segregation unit to quiet his complaint of excessive force. After reviewing the discrepancies between the lock up order and the incident report, Defendant Corley stated that the inconsistencies did not matter, Plaintiff's cellmate should have followed direct orders and Plaintiff would have to suffer with him.

Plaintiff was held in solitary confinement for five months on false charges before being issued a Rules Violation Report ("RVR") for possession of contraband--a cellular telephone--on September 1, 2014. The RVR was written by Defendant Carrillo and stated in part as follows: "Plaintiff was seen attempting to flush [contraband] down the toilet and did not obey direct orders to exit cell." (ECF No. 1 at 11.) Plaintiff claims that this statement is in contrast to Defendant Carrillo's incident report that stated Plaintiff began to exit the cell then turned toward the cell's toilet to block vision of the toilet in order to allow Plaintiff's cellmate to flush drugs down the toilet.

During the RVR hearing, Plaintiff's cellmate told Defendant Wilson that the cellular

telephone belonged to him and that Plaintiff was never allowed to touch, use or see the cellphone. Defendant Wilson allegedly disregarded this testimony and found Plaintiff guilty of possession of a cellphone. Defendant Wilson stated that due to Plaintiff's refusal to exit the cell when ordered and standing in front of the toilet so that his cellmate could flush contraband showed that Plaintiff knew the cellphone was in the cell.

Plaintiff told Defendant Wilson that the RVR was false and was intended to cover up the excessive force used against him. Defendant Wilson reportedly stated that because Plaintiff's cellmate did not follow the rules, Plaintiff also must be penalized. Plaintiff alleges that Defendant Wilson took 90 days of good time work credit and other privileges from him.

On November 21, 2014, Defendant Marquez reportedly falsified a statement on a probable cause report the District Attorney's Office stating, in part, that Plaintiff was seen with numerous bindles of suspected narcotics in his hands attempting to flush them down the toilet. Subsequent charges were filed against Plaintiff in Superior Court for possession of marijuana. Plaintiff claims that Defendant Hartnett, the Deputy District Attorney, maliciously prosecuted him and he was formally charged with being in possession of marijuana on March 10, 2015.

Plaintiff further claims that he was issued a second RVR arising from the same incident for possession of a controlled substance for distribution. Plaintiff reportedly filed a grievance with CDCR. On May 27, 2015, Plaintiff was interviewed regarding his allegations of excessive force against Defendants Carrillo and Benavides and his allegations of a cover up and fabricated report by Defendant Sandoval.

Between May 27, 2015 though July 13, 2015, Defendant Castellaro at CSP, reportedly retaliated against Plaintiff for two pending cases by deliberately delaying and destroying legal property in defiance of two court orders instructing property officers at CSP to return property to Plaintiff. Plaintiff claims that Defendant Castellaro's action caused Plaintiff to miss filing deadlines and prolonged the allegedly false charges of possession to continue to stand.

On October 27, 2015, Plaintiff's second RVR was heard by Defendant Bejarano at CSP. Plaintiff alleges that Defendant Bejarano refused to allow Defendant Benavides to be present in person or via telephone. Defendant Bejarano said Plaintiff was guilty no matter what additional

4

1  testimony by interviewed witnesses or reporting because Plaintiff's cellmate refused to obey direct orders. Defendant Bejarano found Plaintiff guilty of the RVR, suspended his visiting and yard privileges and assessing mandatory drug testing and narcotics anonymous classes.

Plaintiff filed a grievance regarding Defendant Bejarano's alleged due process violations.

On August 8, 2016, the RVR for a possession of a controlled substance for distribution was heard for a second time by Defendant Speidell. Defendant Speidell refused to call Defendant Carrillo, saying that because Plaintiff's cellmate did not follow direct order, Plaintiff also would suffer the consequences. Defendant Speidell said it did not matter who Plaintiff called as a witness because he would still be found guilty. Defendant Speidell found Plaintiff guilty of the RVR for possession of a controlled substance.

Plaintiff filed another grievance alleging due process violations and retaliation. The grievance effectively dismissed the RVR for possession of narcotics for distribution for due process violations. The RVR was reissued for a third time

On March 28, 2017, the RVR was heard by Hearing Officer Duncan, who allowed both reporting officers, Defendants Benavides and Carrillo to be present at the hearing. During the hearing, testimony was given by Defendants Benavides and Carrillo, along with Plaintiff's cellmate. Hearing Officer Duncan found Plaintiff not guilty of possession of narcotics for distribution. Chief Warden Jaime also dismissed Plaintiff's RVR for possession of a cellphone.

As relief, Plaintiff seeks compensatory and punitive damages, along with a permanent injunction.

///
///
///

### III. Discussion

#### A. Prosecutorial Immunity

Plaintiff has named Deputy District Attorney J.A. Hartnett as a defendant in this action arising out of a charge for alleged possession of marijuana. However, prosecutors acting in their official capacities are immune from liability under section 1983. See Olsen v. Idaho State Bd. of

Medicine, 363 F.3d 916, 922 (9th Cir. 2004) ("Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities"); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (holding that judges and prosecutors are immune from liability for damages under section 1983). State prosecutors are absolutely immune when performing functions "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430, 96 S. Ct. 984, 47 L.Ed. 2d 128 (1976). "[I]n initiating a prosecution and in presenting the State's case, [a] prosecutor is immune from a civil suit for damages under s 1983." Id.

The allegations against the Deputy District Attorney relate to Plaintiff's criminal prosecution in state court. Thus, Plaintiff's claims are barred by prosecutorial immunity.

### B. Excessive Force

Plaintiff alleges that Defendants Benavides and Carrillo used excessive force in violation of his constitutional rights. The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v McMillian, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832–33 (1994) (quotations omitted).

For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. Relevant factors for this consideration include "the extent of injury...[,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Id. (quoting Whitley v. Albers, 475 U.S. 1078, 1085 (1986)).

At the pleading stage, Plaintiff's complaint states a cognizable claim for excessive force in violation of the Eighth Amendment against Defendants Benavides and Carrillo.

### C. Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition

the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567– 68 (9th Cir. 2005).

### Defendant Sandoval

Plaintiff appears to allege that Defendant Sandoval issued a fabricated CDCR 114D lock up order to prevent Plaintiff from pursuing his allegations of excessive force against Defendants Benavides and Carrillo. The Court construes these allegations as a claim for retaliation in violation of the First Amendment. At the pleading stage, Plaintiff's complaint states a cognizable retaliation claim against Defendant Sandoval.

### Defendant Castellaro

Plaintiff alleges that Defendant Castellaro retaliated against him by destroying property because of two pending cases. Plaintiff's allegations are conclusory and fail to establish that Defendant Castellaro knew of Plaintiff's pending cases or took any "adverse action" against him because of those cases. The Court therefore finds that Plaintiff's complaint does not state a cognizable retaliation claim against Defendant Castellaro as currently pled.

**D.     Destruction of Property**

Insofar as Plaintiff also alleges that Defendant Castellaro wrongfully destroyed his property, these allegations also are not sufficient to support a cognizable claim. Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). An authorized, intentional deprivation of property is actionable under the Due Process Clause. See Hudson v. Palmer, 468 U.S. 517, 532 n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435–36 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985). However, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation

of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available." Hudson, 468 U.S. at 533.

Plaintiff contends that Defendant Castellaro destroyed his property in violation of court orders. As Defendant Castellaro's conduct was an unauthorized deprivation of property, due process is satisfied if there is a meaningful post-deprivation remedy available to Plaintiff. Id. Plaintiff has an adequate post-deprivation remedy available under California law. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). Therefore, Plaintiff fails to allege a cognizable due process claim for the alleged deprivation of his property.

### E. Access to Court

Plaintiff also appears to claim that Defendant Castellaro's destruction of property caused Plaintiff to miss filing deadlines and prolonged the allegedly false charges of possession to continue to stand. The Court construes these allegations as an access to court claim. However, as currently pled, Plaintiff's allegations fail to state a cognizable claim.

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). However, the right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. In order to state a claim for the denial of court access, a prisoner must establish that he suffered an actual injury. Id. at 349. "[A]ctual injury [is] actual prejudice with respect to contemplated or existing litigation, such as the ability to meet a filing deadline or to present a claim." Id. at 348; Christopher v. Harbury, 536 U.S. 403, 415 (2002) (quoting Lewis, 518 U.S. at 353 & n.3); Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011).

Here, Plaintiff has not identified a criminal appeal, habeas petition or civil rights action connected to this claim. He also has not alleged any actual injury from his missed deadlines. There is nothing in Plaintiff's complaint to suggest that he was convicted of any charges as the result of the missed deadline.

### F. False Reports/Accusations

The creation of false evidence, standing alone, is not actionable under § 1983. See Hernandez v. Johnston, 833 F.2d 1316, 1319 (9th Cir. 1987) (independent right to accurate prison record has not been recognized); Johnson v. Felker, No. 1:12–cv–02719 GEB KJN (PC), 2013 WL

8

6243280, at *6 (E.D. Cal. Dec. 3, 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a report does not give rise to a claim under section 1983.") (citations omitted). Moreover, "plaintiff cannot state a cognizable Eighth Amendment violation based on an allegation that defendant[ ] issued a false rule violation against plaintiff." Jones v. Prater, No. 2:10-cv-01381 JAM KJN P, 2012 WL 1979225, at *2 (E.D. Cal. Jun. 1, 2012); see also Youngs v. Barretto, No. 2:16-cv-0276 JAM AC P, 2018 WL 2198707, at *3 (E.D. Cal. May 14, 2019) (noting that issuance of false rules violation report does not rise to the level of cruel and unusual punishment) (citations omitted).

Accordingly, Plaintiff's complaint does not state a cognizable claim against Defendant Marquez for an allegedly falsified statement on a probable cause report to the District Attorney's Office or against Defendant Carrillo for the allegedly false RVR regarding possession of a cellular telephone.

### G. Due Process Violations

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466 (1983).

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff, 418 U.S. at 556. The minimum procedural requirements that must be met in such proceedings are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563-71. As long as the five minimum Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14

F.3d 1415, 1420 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995).

Although not entirely clear, it appears that Plaintiff alleges a violation of his due process rights based on the actions of the committee members--Defendants Tyson, Pfeiffer, Corley, Henderson, Wilson and Hernandez--reviewing the initial lock up order for alleged possession of a controlled substance for distribution. To the extent that Plaintiff asserts that there was a due process violation simply by being falsely accused of possession of a controlled substance, he is not entitled to relief. Hernandez, 833 F.2d at 1319; see also Hines v. Gomez, 108 F.3d 265, 268-69 (9th Cir. 1997) (Ninth Circuit declined to extend the "some evidence" standard to a prison officer's initial accusation of a rule violation). Plaintiff does not assert that he was denied any other procedural protections relative to his appearance before the Committee. The Court therefore finds that Plaintiff has not stated a cognizable claim arising out of the initial committee action.

Insofar as Plaintiff alleges that his right to due process was violated because he was held in administrative segregation pending investigation and hearings on the unsubstantiated charges against him, he fails to state a cognizable claim. Resnick v. Hayes, 213 F.3d 443, 448–49 (9th Cir.2000) (finding plaintiff had no protected liberty interest in being free from confinement in the SHU pending his disciplinary hearing); Shotwell v. Brandt, No. C 10-5232 CW PR, 2012 WL 6569402, at *2 (N.D. Cal. Dec. 17, 2012).

The remainder of Plaintiff's due process claims appear to arise out of the RVR hearing with Defendant Wilson for possession of contraband—a cellphone—and two additional RVR hearings with Defendants Bejarano and Speidell for possession of a controlled substance. According to Plaintiff's allegations, the RVR for possession of contraband was reversed and the latter two RVRs for drug possession ultimately were overturned after a third hearing. Plaintiff's allegations fail to state a due process claim because his guilty findings later were overturned. E.g., Brown v. Marshall, No. CIV S-07-0956 MCE DAD P, 2012 WL 12906131, at * (E.D. Cal. Mar. 1, 2012) ("[P]laintiff's procedural due process claims related to either his first or second disciplinary proceedings have been rendered moot by the subsequent re-issuing and re-hearing of the rules violation charge against him"); Shotwell, 2012 WL 6569402, at *3 (finding no due process

violation where the plaintiff's RVR was ordered reissued and reheard, plaintiff was found not guilty at the second hearing, and he was released from administrative segregation and not subjected to credit loss or any other form of punishment.); see also Horne v. Coughlin, 155 F.3d 26, 31, n. 3 (2d Cir. 1998) (finding the plaintiff's due process claims with regard to his first hearing were rendered null after the findings and penalties were vacated and a new hearing ordered, and plaintiff suffered no loss of good time credits and no disciplinary record); Morissette v. Peters, 45 F.3d 1119, 1122 (7th Cir. 1995) (finding no injury after a due process violation in the plaintiff's first disciplinary proceedings was subsequently corrected in the administrative appeal process and plaintiff's sentence was adjusted so that he served no additional time in segregation). Any due process violations alleged in his disciplinary proceedings were rendered moot by the subsequent not guilty finding and overturning of his RVRS. There is no indication that Plaintiff ultimately suffered any loss of credits, served additional time in segregation or maintained a disciplinary record for the alleged offenses after the RVRs were overturned.

## IV. Conclusion and Order

Based on the above, the Court finds that Plaintiff's complaint states a cognizable claim for excessive force in violation of the Eighth Amendment against Defendants Benavides and Carrillo and a cognizable claim for retaliation in violation of the First Amendment against Defendant Sandoval. However, Plaintiff's complaint fails to state any other cognizable claims for relief. Plaintiff will be granted leave to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

If Plaintiff does not wish to file an amended complaint and he is agreeable to proceeding only on the cognizable claims identified by the Court, he may file a notice informing the Court that he does not intend to amend, and he is willing to proceed only on his cognizable claim. The Court will then recommend that the remaining claims and defendants be dismissed from this action, and then initiate the process for service of the complaint.

If Plaintiff wishes to file an amended complaint, any such amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although

accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff must either:

a. File a first amended complaint curing the deficiencies identified in this order; or

b. Notify the Court in writing that he does not wish to file a first amended complaint and he is willing to proceed only on his claim for excessive force in violation of the Eighth Amendment against Defendants Benavides and Carrillo and his claim for retaliation in violation of the First Amendment against Defendant Sandoval; and

3. If Plaintiff fails to comply with this order, the Court will recommend dismissal of this action, without prejudice, for failure to obey a court order and for failure to prosecute.

IT IS SO ORDERED.

Dated: **June 7, 2019** /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE