| | |
|---|---|
| COLIN M. RANDOLPH, | Case No. 1:18-cv-00968-LJO-BAM (PC) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO AMEND |
| v. | (ECF No. 14) |
| C. SANDOVAL, et al., | **THIRTY (30) DAY DEADLINE** |
| Defendants. | |

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

Plaintiff Colin M. Randolph is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On June 7, 2019, the Court screened Plaintiff's original complaint, found that Plaintiff's complaint stated a cognizable claim for excessive force against Defendants Benavides and Carrillo and a cognizable claim for retaliation against Defendant Sandoval, and directed Plaintiff to file either a first amended complaint or a written notice that he was willing to proceed only on the claims found cognizable by the Court within 30 days. (ECF No. 12.) On June 24, 2019, Plaintiff filed a first amended complaint. (ECF No. 13.)

Currently before the Court is Plaintiff's motion "requesting permission to supplement [first amended complaint] as it reflects order (ECF No. 10) granting, acknowledging retaliatorial practices herein K.V.S.P. that is chilling litigation process," filed on September 26, 2019. (ECF No. 14.) The Court construes this filing as a motion for leave to file a second amended

1

complaint.

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "Rule 15(a) is very liberal and leave to amend shall be freely given when justice so requires." AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (citation and quotation omitted). The Ninth Circuit has stated that "this policy is to be applied with extreme liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." Id. Nevertheless, "[u]ndue delay by itself … is insufficient to justify denying a motion to amend. Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999).

In his motion, Plaintiff states that he wishes to supplement his first amended complaint to include a claim that Kern Valley State Prison officials seized all discovery and legal documents directly related to this pending action in retaliation for Plaintiff's filing and pursuit of this action and other non-related legal actions. (ECF No. 14, at 1-2.) In considering the relevant factors, the Court finds no evidence of prejudice, bad faith, undue delay in litigation, or futility. Plaintiff's first amended complaint has not yet been screened and no defendants have been served or have appeared in this action. Accordingly, Plaintiff's motion to amend will be granted. After Plaintiff files his second amended complaint, it will be screened in due course.

Plaintiff's second amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his second amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no

2

"buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. <u>Lacey v. Maricopa Cnty.</u>, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's second amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. This includes any exhibits or attachments Plaintiff wishes to incorporate by reference.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to amend his complaint, (ECF No. 14), is GRANTED. Plaintiff shall file a second amended complaint within **thirty (30) days** from the date of service of this order.

IT IS SO ORDERED.

Dated: **October 1, 2019**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE