# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLIN M. RANDOLPH, | Case No. 1:18-cv-00968-NONE-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS |
| v. | |
| C. SANDOVAL, et al., | (ECF No. 16.) |
| Defendants. | **FOURTEEN (14) DAY DEADLINE** |

Plaintiff Colin M. Randolph ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action under 42 U.S.C. § 1983. Plaintiff's second amended complaint, filed on October 25, 2019, is currently before the Court for screening. (ECF No. 16.)

**I.  Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the

1

pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff is currently housed at Kern Valley State Prison in Delano, California. The events in the complaint are alleged to have occurred at Kern Valley State Prison ("KVSP") and Corcoran State Prison ("CSP"). Plaintiff names the following defendants: (1) Lieutenant C. Sandoval; (2) Officer V. Benavides: (3) Officer H. Carrillo; (4) Committee Counselor I D. Tyson; (5) Associate Deputy Warden C. Pfeiffer; (6) Facility Captain R. Corley; (7) Lieutenant and Hearing Officer S. Wilson; (8) Lieutenant S. Henderson; (9) M. Hernandez; (10) D. Wilson; (11) KVSP Lieutenant R. Speidell, Hearing Officer; (12) Lieutenant M. Bejarano, Corcoran Hearing Officer; (13) KVSP Correctional Officer Hall; (14) KVSP Correctional Officer Isais; (15) KVSP Visiting Lieutenant N. Montanez; (16) KVSP Sergeant R. Charles; and (17) KVSP Sergeant S. Herrera.

Plaintiff alleges as follows. On August 24, 2014, Defendants Benavides and Carrillo gave Plaintiff direct orders to exit his cell. Plaintiff complied, but, without provocation, was pepper sprayed in the face. Plaintiff immediately proned out on his cell floor and was pepper sprayed over his entire body by Defendants Benavides and Carrillo. Plaintiff's face, torso, groin and legs were covered with pepper spray, burning his skin, eyes and throat. Plaintiff was then handcuffed by Defendant Carrillo and led to a holding tank. Plaintiff was subsequently seen by medical staff.

Defendant Sandoval conducted an interview regarding the incident and alleged use of excessive force. Plaintiff informed Defendant Sandoval of the circumstances involving the use of force by Defendants Benavides and Carrillo. Defendant Sandoval asked Plaintiff if he would be pursuing legal action against those defendants. After stating that he would, Plaintiff was told by Defendant Sandoval that he would be placed in solitary confinement for charges that would make his legal pursuit a waste of time.

Plaintiff was taken to Administrative Segregation and placed in solitary confinement. Defendant Sandoval gave Plaintiff a CDCR 114D lock up order bearing his name and signature. The order read, in part, as follows: "Staff saw you flushing bindles of an unknown substance down the toilet and force was used to stop you." (ECF No. 16 at 9.) Plaintiff alleges that this statement of facts was fabricated by Defendant Sandoval in order to place Plaintiff in solitary confinement. The statement also was not consistent with reporting staff's incident report. Plaintiff told Defendant Sandoval that the lock up order was false and that placing him in solitary confinement was cruel and unusual punishment. Defendant Sandoval stated that he did not care.

On August 28, 2014, Plaintiff was seen by a reviewing committee regarding the 114D lock up order authored by Defendant Sandoval. Plaintiff explained to the reviewing committee members--Defendants Tyson, Pfeiffer, Corley, Henderson, Wilson and M. Hernandez--that he was unnecessarily pepper sprayed by Defendant Benavides and Carrillo without provocation. Plaintiff also reported that Defendant Sandoval asked if Plaintiff would be filing charges and when Plaintiff said he would Sandoval put Plaintiff in solitary confinement and issued a CDCR 114 D lockup order. Plaintiff said the CDCR 114D was falsified and fabricated evidence on the lock up order and placed him in the administrative segregation unit to quiet his complaint of excessive force. The reviewing committee admonished Plaintiff for the use of force and told Plaintiff an investigation regarding his possession of a controlled substance for distribution was taking place during which time Plaintiff would be retained in solitary confinement. After reviewing the discrepancies between the lock up order and the incident report, Defendant Corley stated that the inconsistencies did not matter, Plaintiff's cellmate should have followed direct orders and Plaintiff would have to suffer with him.

Plaintiff was held in solitary confinement for five months on false charges before being issued a Rules Violation Report ("RVR") 14-08-047 for possession of contraband--a cellular telephone--on September 1, 2014. During the RVR hearing, Defendant Wilson was the Hearing Officer.  Plaintiff and Plaintiff's cellmate told Defendant Wilson that Plaintiff was not in possession of the cellular telephone.  Plaintiff alleges RVR 14-08-047 was issued to disrupt and deny Plaintiff's ability to pursue the excessive force claims. And that Defendant Wilson allegedly disregarded this testimony and found Plaintiff guilty of possession of a cellphone and was denied yard access for 10 days.  Plaintiff told Defendant Wilson that the RVR was false and was intended to cover up the excessive force used against him.  Defendant Wilson reportedly stated that because Plaintiff's cellmate did not follow the rules, Plaintiff also must be penalized.

Plaintiff further claims that he was issued a second RVR 15-03-011, authored by Benavides, arising from the same incident for possession of a controlled substance for distribution.  Plaintiff alleges this was retaliation by V. Benavides for Plaintiff seeking redress of the unnecessary and excessive force by Benavides and Carrillo.  Plaintiff reportedly filed a grievance with CDCR. This grievance made clear that Plaintiff was the subject of unnecessary and excessive for by Benavides and Carrillo and locked up into solitary confinement on a fabricated charge.

 On May 27, 2015, Plaintiff was video interviewed regarding his allegations of excessive force against Defendants Carrillo and Benavides and his allegations of a cover up and fabricated report by Sergeant Villaneabos and Officer I Malanado.  Plaintiff filed more appeals following the video interview but all his appeals disappeared.

On October 27, 2015, Plaintiff's second RVR 15-03-11 was heard by Defendant Bejarano at CSP.  Plaintiff explained verbally and in writing the allegations of unnecessary/excessive force and requested witnesses H. Carrillo, J. Benavides and Sandoval to give testimony.  Plaintiff alleges that Defendant Bejarano refused to allow witnesses to be present in person or via telephone and refused to address the unnecessary/excessive force allegation. Defendant Bejarano found Plaintiff guilty of the RVR, suspended his visiting and yard privileges and assessing mandatory drug testing and narcotics anonymous classes.

4

Plaintiff filed a grievance regarding Defendant Bejarano's alleged due process violations. Plaintiff filed another grievance alleging due process violations. The grievance effectively dismissed the RVR for possession of narcotics for distribution for due process violations. The RVR was reissued for a third time alleging possession of a controlled substance for distribution.

On August 8, 2016, the RVR for a possession of a controlled substance for distribution was heard for a second time by Defendant Speidell. Plaintiff told Speidell about his allegations of excessive force and the fabricated RVR, but Defendant Speidell refused to call Defendant Carrillo and Sandoval. Defendant Speidell said witnesses were refused for Plaintiff filing appeals and pursuing legal actions. Defendant Speidell found Plaintiff guilty of the RVR for possession of a controlled substance, violating Plaintiff's due process, and was restricted from the yard for 90 days. Plaintiff appealed this guilty finding in appeal 16-0313 and the RVR was eventually dismissed as a result of Plaintiff's appeal.

On March 28, 2017, the RVR was reheard by Hearing Officer Duncan and considered Plaintiff's claims of unnecessary/excessive force and of fabrication of reporting. Hearing Officer Duncan found Plaintiff not guilty of possession of narcotics for distribution. Chief Warden Jaime also dismissed Plaintiff's RVR for possession of a cellphone.

Programming, time credits and visiting privileges were restored to Plaintiff. But Plaintiff was denied yard for 190 days as a result of fabricated reporting by V. Benavides and H. Carrillo and Plaintiff was in solitary confinement for five months. Plaintiff suffered anxiety and depression. Plaintiff is still housed in the same Facility B at KVSP where the defendant are correctional officers. Plaintiff is experiencing retaliatory practices by Facility B and will seek to supplement the complaint.

As relief, Plaintiff seeks compensatory and punitive damages, along with a temporary and permanent injunction.

Plaintiff also alleges "supplemental complaint" allegations for events in 2019: On March 10, 2019, Plaintiff was placed in ad-seg by Defendant N. Montanez and Defendant Sergeant R. Charles. Montanez deliberately omitted relevant information of exculpatory nature from the lock up order and took Plaintiff's property. On March 14, 2019, Plaintiff went before the Inmate

Classification Committee, where Plaintiff complained his lock up was retaliatory. Plaintiff was told his lock up for the alleged conspiracy to introducing a controlled substance into an institution for distribution by a visitor on his list. Plaintiff contends he did see this visitor on the day in question. Plaintiff was released back to a different cell and notices that a significant portion of his legal documents were missing, specifically information regarding a pending civil appeal. The inmate property inventory card had been forged. Plaintiff filed an appeal regarding his property and his placement in Ad seg. Plaintiff disputes the propriety of the first level response explaining who was involved with packing the property and what happened to the property. His appeal was ultimately denied.

On March 10, 2019, Defendant Herrera took retaliatory action for an alleged conspiracy to introduce a controlled substance without notice or copy of information that is not confidential or a hearing. (ECF NO. 16 p. 27.) Defendant Herrera imposed visiting restrictions, which Plaintiff appealed. At a hearing on the appeal, on May 2, 2019, Herrera would not allow Plaintiff to be heard and said he did not care and that Plaintiff would lose his property and go to the hole. Herrera demanded Plaintiff withdraw his appeal and threatened to remove visitations for 80 years. Herrera carried out the threat by having his "friend" Lt. Montanez approve an 80-year restriction to visitation. Plaintiff is continuing to experience retaliation.

### III. Discussion

#### A. Federal Rules of Civil Procedure 18 and 20

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997). The "same transaction" requirement refers to similarity in the factual background of a claim. Id. at 1349. Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff may not raise different claims against different defendants in a single action. For instance, Plaintiff may not, in a single case, assert a claim against Defendant Benavides and Carrillo for events in 2014 related to excessive force while simultaneously asserting claims against Defendants Hall, Isais, Montanez, Charles and Herrera related to an RVR in 2019. Unrelated claims involving multiple defendants, i.e., Plaintiff's "supplemental complaint," belong in different suits and the RVR violations for 2019 are improperly joined in this action. Plaintiff may not simply assert all claims related to purported retaliation during the entirety of his incarceration at KVSP in a single suit.

### B. Excessive Force

Plaintiff alleges that Defendants Benavides and Carrillo used excessive force in violation of his constitutional rights. The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v McMillian, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832–33 (1994) (quotations omitted).

For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. Relevant factors for this consideration include "the extent of injury...[,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Id. (quoting Whitley v. Albers, 475 U.S. 1078, 1085 (1986)).

At the pleading stage, Plaintiff's complaint states a cognizable claim for excessive force in violation of the Eighth Amendment against Defendants Benavides and Carrillo.

### C. Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532

(9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005).

Defendant Sandoval

Plaintiff appears to allege that Defendant Sandoval issued a fabricated CDCR 114D lock up order to prevent Plaintiff from pursuing his allegations of excessive force against Defendants Benavides and Carrillo. The Court construes these allegations as a claim for retaliation in violation of the First Amendment. At the pleading stage, Plaintiff's complaint states a cognizable retaliation claim against Defendant Sandoval.

Defendant Speidell

Plaintiff alleges that Defendant Speidell refused to call witnesses in his RVR hearing after learning of Plaintiff's excessive force claims and because Plaintiff was pursuing filing appeals and pursuing legal actions. The Court construes these allegations as a claim for retaliation in violation of the First Amendment. At the pleading stage, Plaintiff's complaint states a cognizable retaliation claim against Defendant Speidell.

Defendant Benavides

Plaintiff appears to allege that Defendant Benavides issued a RVP 15-03-011 because Plaintiff continued to pursue claims of excessive force by Defendants Benavides and Carrillo. The Court construes these allegations as a claim for retaliation in violation of the First Amendment. At the pleading stage, Plaintiff's complaint states a cognizable retaliation claim against Defendant Benavides.

**D.    False Reports/Accusations**

The creation of false evidence, standing alone, is not actionable under § 1983. See Hernandez v. Johnston, 833 F.2d 1316, 1319 (9th Cir. 1987) (independent right to accurate prison

record has not been recognized); Johnson v. Felker, No. 1:12–cv–02719 GEB KJN (PC), 2013 WL 6243280, at *6 (E.D. Cal. Dec. 3, 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a report does not give rise to a claim under section 1983.") (citations omitted). Moreover, "plaintiff cannot state a cognizable Eighth Amendment violation based on an allegation that defendant[ ] issued a false rule violation against plaintiff." Jones v. Prater, No. 2:10-cv-01381 JAM KJN P, 2012 WL 1979225, at *2 (E.D. Cal. Jun. 1, 2012); see also Youngs v. Barretto, No. 2:16-cv-0276 JAM AC P, 2018 WL 2198707, at *3 (E.D. Cal. May 14, 2019) (noting that issuance of false rules violation report does not rise to the level of cruel and unusual punishment) (citations omitted).

Accordingly, Plaintiff's complaint does not state a cognizable claim against Defendant Carrillo, or any other Defendant, for the allegedly false RVR regarding possession of a cellular telephone or controlled substance.

### E. Due Process Violations

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466 (1983).

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff, 418 U.S. at 556. The minimum procedural requirements that must be met in such proceedings are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563-71. As long as the five minimum Wolff requirements are met, due process has been satisfied. Walker

v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995).

Although not entirely clear, it appears that Plaintiff alleges a violation of his due process rights based on the actions of the committee members--Defendants Tyson, Pfeiffer, Corley, Henderson, Wilson and M. Hernandez--reviewing the initial lock up order for alleged possession of a controlled substance for distribution. To the extent that Plaintiff asserts that there was a due process violation simply by being falsely accused of possession of a controlled substance, he is not entitled to relief. Hernandez, 833 F.2d at 1319; see also Hines v. Gomez, 108 F.3d 265, 268-69 (9th Cir. 1997) (Ninth Circuit declined to extend the "some evidence" standard to a prison officer's initial accusation of a rule violation). Plaintiff does not assert that he was denied any other procedural protections relative to his appearance before the Committee. He claims that the Committee did not consider his argument of fabricated evidence, which is not a Due Process violation. The Court therefore finds that Plaintiff has not stated a cognizable claim arising out of the initial committee action.

Insofar as Plaintiff alleges that his right to due process was violated because he was held in administrative segregation pending investigation and hearings on the unsubstantiated charges against him, he fails to state a cognizable claim. Resnick v. Hayes, 213 F.3d 443, 448–49 (9th Cir.2000) (finding plaintiff had no protected liberty interest in being free from confinement in the SHU pending his disciplinary hearing); Shotwell v. Brandt, No. C 10-5232 CW PR, 2012 WL 6569402, at *2 (N.D. Cal. Dec. 17, 2012).

The remainder of Plaintiff's due process claims appear to arise out of the RVR hearing with Defendant Wilson for possession of contraband—a cellphone—and two additional RVR hearings with Defendants Bejarano and Speidell for possession of a controlled substance. According to Plaintiff's allegations, the RVR for possession of contraband was reversed and the latter two RVRs for drug possession ultimately were overturned after a third hearing. Plaintiff's allegations fail to state a due process claim because his guilty findings later were overturned. E.g., Brown v. Marshall, No. CIV S-07-0956 MCE DAD P, 2012 WL 12906131, at * (E.D. Cal. Mar. 1, 2012) ("[P]laintiff's procedural due process claims related to either his first or second

10

disciplinary proceedings have been rendered moot by the subsequent re-issuing and re-hearing of the rules violation charge against him"); Shotwell, 2012 WL 6569402, at *3 (finding no due process violation where the plaintiff's RVR was ordered reissued and reheard, plaintiff was found not guilty at the second hearing, and he was released from administrative segregation and not subjected to credit loss or any other form of punishment.); see also Horne v. Coughlin, 155 F.3d 26, 31, n. 3 (2d Cir. 1998) (finding the plaintiff's due process claims with regard to his first hearing were rendered null after the findings and penalties were vacated and a new hearing ordered, and plaintiff suffered no loss of good time credits and no disciplinary record); Morissette v. Peters, 45 F.3d 1119, 1122 (7th Cir. 1995) (finding no injury after a due process violation in the plaintiff's first disciplinary proceedings was subsequently corrected in the administrative appeal process and plaintiff's sentence was adjusted so that he served no additional time in segregation). Any due process violations alleged in his disciplinary proceedings were rendered moot by the subsequent not guilty finding, overturning of his RVRs and restoring his visitation privileges. There is no indication that Plaintiff ultimately suffered any loss of credits, served additional time in segregation or maintained a disciplinary record for the alleged offenses after the RVRs were overturned.

      **F.**     **Grievance/Complaint Process**

Although unclear, Plaintiff appears to allege that some Defendants denied him due process by destroying or failing to properly process or review his grievances and complaints. However, Plaintiff cannot pursue any claims against prison staff based solely on the processing and review of his inmate appeals. Plaintiff does not have a constitutionally protected right to have his appeals accepted or processed. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir.19 88). The prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir.1993); see also Wright v. Shannon, No. 1:05-cv-01485-LJO-YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment). Denial or refusal to process a prison

grievance is not a constitutional violation. Rushdan v. Gear, No. 1:16-cv-01017-BAM (PC), 2018 WL 2229259, at *6 (E.D. Cal. May 16, 2018). Accordingly, Plaintiff fails to state a cognizable claim arising out of the screening, investigation or processing of his grievances or complaints.

### IV. Conclusion and Order

Based on the above, the Court finds that Plaintiff's second amended complaint states a cognizable claim for excessive force in violation of the Eighth Amendment against Defendants Benavides and Carrillo and a cognizable claim for retaliation in violation of the First Amendment against Defendants Sandoval, Speidell, and Benavides, but fails to state any other cognizable claims. Plaintiff's "supplemental complaint" allegations are improperly joined. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the remaining deficiencies and further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, IT IS HEREBY RECOMMENDED as follows:

1. This action proceed on Plaintiff's second amended complaint, filed on October 25, 2019, for excessive force in violation of the Eighth Amendment against Defendants Benavides and Carrillo and for retaliation in violation of the First Amendment against Defendants Sandoval, Speidell and Benavides;
2. Plaintiff's "supplemental complaint" be dismissed without prejudice for being improperly joined in violation of Rules 18 and 20, and
3. All other claims and defendants be dismissed from this action based on Plaintiff's failure to state claims upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the

///

///

specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 19, 2020**  /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE