UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLIN M. RANDOLPH,<br><br>          Plaintiff,<br><br>     v.<br><br>C. SANDOVAL, *et al.*,<br><br>          Defendants. | Case No.  1:18-cv-00968-NONE-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>(Doc. No. 18) |

Plaintiff Colin M. Randolph is a state prisoner at Kern Valley State Prison ("KVSP") proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 19, 2020, the magistrate judge issued findings and recommendations recommending that this action proceed on plaintiff's second amended complaint for excessive force in violation of the Eighth Amendment against defendants Benavides and Carrillo and for retaliation in violation of the First Amendment against defendants Sandoval, Speidell, and Benavides; that plaintiff's "supplemented complaint" be dismissed without prejudice as being improperly joined under Federal Rules of Civil Procedure 18 and 20; and that all other claims and defendants be dismissed from this action based on plaintiff's failure to state claims upon which relief may be granted.  (Doc. No. 18.)  The findings and recommendations were served on

1

plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 12.) Plaintiff filed written objections to the findings and recommendations on March 2, 2020. (Doc. No. 19.) In his written objections, plaintiff disputes that the new claims contained in his "supplemented complaint" are improperly joined under Rules 18 and 20.[1]

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the Court finds that the findings and recommendations are supported by the record and proper analysis.

Plaintiff alleges that the facts and events forming the basis of his "supplemented complaint" stem from alleged retaliation for his bringing of this civil action. (Doc. No. 16 at ¶¶ 54, 56, 66.) In his "supplemented complaint," plaintiff details being reported by KVSP staff in 2019 for a prison rule violation for conspiring to introduce controlled dangerous substances to a place of incarceration for distribution. (*Id*. at ¶¶ 53–61.) Plaintiff denies involvement in the conspiracy. (*Id*. at ¶ 60.) As a result of the disciplinary report, plaintiff was placed in administrative segregation. (*Id*. at ¶¶ 53–54, 57–59.) Plaintiff challenged that rules violation report and his administrative segregation through different levels of inmate appeals at the prison and complains of the procedures employed during the prisoner grievance proceedings. (*Id*. at ¶¶ 66–78, 73-78.) In short, plaintiff contends that the rules violation report and his consequent placing in administrative segregation were a result of, and in retaliation for, his exercising his First Amendment right by filing this action. (*Id*. at ¶¶ 54, 56, 66.)

/////

---

[1] Plaintiff also raises his prior requests for the appointment of counsel. (Doc. No. 19 at ¶¶ 2, 4.) These requests were embedded within his original complaint and his first amended complaint. (*Id*.) Plaintiff may file a motion for appointment of counsel but such a motion will only be granted if he demonstrates "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (internal quotations and citation omitted). In determining whether "exceptional circumstances" exist, a court considers "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (internal quotations and citation omitted).

1    The pending findings and recommendations correctly conclude that plaintiff may not join
2  his "supplemented complaint" claims, as currently pled, insofar as they arise from plaintiff's
3  alleged involvement in a 2019 conspiracy within prison.  The findings and recommendations
4  reason that "[p]laintiff may not simply assert all claims related to purported retaliation during the
5  entirety of his incarceration at KVSP in a single suit."  (Doc. No. 18 at 7.)

6    Plaintiff may not assert new claims unrelated to his original claims simply because his
7  new claims allege retaliation.  Notwithstanding plaintiff's claims of ongoing retaliation, his
8  conclusory statements in his "supplemental complaint" that the events he alleges took place in
9  2019 were undertaken in retaliation for his filing of this lawsuit with respect to the alleged
10  excessive use of force and retaliation against him in 2014, do not suffice.  Absent from plaintiff's
11  "supplemented complaint" is any alleged chronological or other connection between his new
12  claims and the events of 2014 underlying this action.  Among the facts and claims presented in
13  plaintiff's second amended complaint, the last alleged event appear to have occurred in or around
14  2015.  There is no bridge between those events and the new events alleged to have occurred in
15  2019.  While plaintiff contends that all the events over a five year period of time are related, the
16  chronology does not provide support that assertion.

17    Absent an umbrella of retaliation related to the 2014 events, any other 2019 constitutional
18  claims plaintiff now wishes to present appear to be unrelated to the current litigation.  *Ransom v.*
19  *Lee*, No. CV 14-600-DSF (KK), 2017 WL 10525951, at *17 (C.D. Cal. Apr. 20, 2017)
20  ("[U]nrelated claims against different defendants must be brought in separate lawsuits to avoid
21  confusion and prevent 'the sort of morass [a multiple claim, multiple defendant] suit
22  produce[s].'"), *report and recommendation adopted*, No. CV 14-600-DSF (KK), 2017 WL
23  10510170 (C.D. Cal. June 27, 2017)

24    Accordingly,
25    1.    The findings and recommendations issued on February 19, 2020, (Doc. No. 18),
26        are adopted;
27    2.    This action will proceed on plaintiff's second amended complaint, filed on
28        October 25, 2019, (Doc. No. 16), for excessive force in violation of the Eighth

3

Amendment against defendants Benavides and Carrillo, and for retaliation in violation of the First Amendment against defendants Sandoval, Speidell and Benavides;

3. Plaintiff's "supplemented complaint" is dismissed without prejudice for the reasons explained above;

4. All other claims and defendants are dismissed from this action based on plaintiff's failure to state a claim upon which relief may be granted; and

5. This action is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **May 19, 2020**

UNITED STATES DISTRICT JUDGE