# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLIN M. RANDOLPH,<br><br>Plaintiff,<br><br>v.<br><br>SANDOVAL, *et al.*,<br><br>Defendants. | Case No. 1:18-cv-00968-NONE-BAM (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO MODIFY THE DISCOVERY AND SCHEDULING ORDER<br><br>(ECF No. 32)<br><br>**Exhaustion Motion Deadline: February 12, 2021** |

Plaintiff Colin M. Randolph ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against Defendants Benavides and Carrillo for excessive force in violation of the Eighth Amendment and against Defendants Sandoval, Speidell, and Benavides for retaliation in violation of the First Amendment.

Pursuant to the Court's October 13, 2020 Discovery and Scheduling Order, the deadline for filing motions for summary judgment for failure to exhaust administrative remedies is January 13, 2021.  (ECF No. 30.)

Currently before the Court is Defendants' January 11, 2021 motion to modify the scheduling order to extend the deadline to file a motion for summary judgment for failure to exhaust administrative remedies until February 13, 2021.  (ECF No. 32.)  Although Plaintiff has not had an opportunity to respond to the motion, the Court finds a response unnecessary and the motion is deemed submitted.  Local Rule 230(l).

Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  The "good cause" standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  The court may modify the scheduling order "if it cannot

1

reasonably be met despite the diligence of the party seeking the extension." Id. If the party was not diligent, the inquiry should end. Id.

Defense counsel states that good cause exists to modify the scheduling order because Defendants have diligently pursued this matter by conducting an investigation, conducting interviews, reviewing relevant documentation, and preparing a mostly completed exhaustion-based motion for summary judgment which may potentially resolve this case. (ECF No. 32.) However, defense counsel needs additional time to assess Plaintiff's complex and extensive appeal history. Further, the litigation coordinator at the institution containing the necessary documents (Kern Valley State Prison) has been out since December 24, 2020, and will not return until at least January 11, 2021, preventing Defendants from obtaining certain documents necessary to complete their assessment and motion for summary judgment. Defense counsel was not notified of this absence until December 28, 2020, but still tried to complete the motion timely. However, defense counsel was unable to do so, as additional documentation is necessary. Defendants therefore request that the Court modify the scheduling order, extending the deadline for Defendants to file an exhaustion-based motion for summary judgment up to and including February 13, 2021. (Id.)

Having considered Defendants' request, the Court finds good cause to continue the exhaustion motion deadline in this action. The Court finds that Plaintiff will not be prejudiced by the brief extension requested here, and it will not result in a delay in the prosecution of this case as all other deadlines will remain in place.

Based on the foregoing, Defendants' motion to modify the scheduling order, (ECF No. 32), is HEREBY GRANTED. Motions for summary judgment for failure to exhaust administrative remedies shall be filed on or before **February 13, 2021**.

IT IS SO ORDERED.

Dated:   **January 12, 2021**        /s/ *Barbara A. McAuliffe*
                                  UNITED STATES MAGISTRATE JUDGE

2