# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLIN M. RANDOLPH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SANDOVAL, *et al.*,<br><br>　　　　Defendants. | Case No.  1:18-cv-00968-NONE-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STRIKE<br><br>(ECF No. 36) |

　　　　Plaintiff Colin M. Randolph ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against Defendants Benavides and Carrillo for excessive force in violation of the Eighth Amendment and against Defendants Sandoval, Speidell, and Benavides for retaliation in violation of the First Amendment.

　　　　On October 13, 2020, Defendants filed a request to opt out and vacate the settlement conference in this action.  (ECF No. 28.)  Defendants included a declaration of counsel regarding their investigation into Plaintiff's allegations and their belief that this lawsuit is barred by Plaintiff's failure to comply with the PLRA's exhaustion requirement.  (Id.)  The Court found good cause and vacated the settlement conference and issued a Discovery and Scheduling Order. (ECF Nos. 29, 30.)

///

1       On January 12, 2021, the Court granted Defendants' motion to modify the Discovery and Scheduling Order to extend the deadline to file a motion for summary judgment for failure to exhaust administrative remedies until February 13, 2021. (ECF Nos. 32, 33.) The Court found good cause for the requested extension, supported by a declaration of counsel, due to Defendants' inability to acquire remaining documents necessary to complete the motion for summary judgment. (ECF No. 33.)

      Plaintiff filed objections to Defendants' motion on the basis that Defendants had submitted conflicting declarations regarding their diligence and investigation into Plaintiff's appeals history, which the Court overruled. (ECF Nos. 34, 35.)

      Currently before the Court is Plaintiff's "Motion to Strike Conflicting Orders Based on Conflicting Declarations by Defendants from the Record," filed January 27, 2021. (ECF No. 36.) Defendants have not had the opportunity to file a response, but the Court finds a response unnecessary. The motion is deemed submitted. Local Rule 230(l).

      The instant motion raises largely the same argument presented in Plaintiff's objections. Namely, Plaintiff argues that Defendants have presented conflicting declarations of counsel in support of their request to opt out of the settlement conference and their motion to modify the discovery and scheduling order. Plaintiff therefore requests that the Court strike one or both of the declarations from the record "in order to maintain accuracy and consistency." (ECF No. 36, p. 3.) Plaintiff argues that otherwise he will be prejudiced in bringing his claim as a *pro se* litigant against staff at his institution.

      As discussed in the Court's January 25, 2021 order overruling Plaintiff's objections to Defendants' motion to modify the discovery and scheduling order, the Court rejects Plaintiff's argument that the Defendants have submitted conflicting declarations. Defendants have presented good cause for both of the submitted requests, and the fact that Defendants conducted some investigation into Plaintiff's appeals history in October does not preclude the need for further investigation or documentation in January. Finally, the Court does not agree that Plaintiff will be prejudiced in this action if both of these declarations remain on the record. These declarations of counsel are a procedural matter, and are not evidence that will be used to

1 | determine the merits of Plaintiff's claims.

2 |     Accordingly, Plaintiff's motion to strike, (ECF No. 36), is HEREBY DENIED.

IT IS SO ORDERED.

Dated: **January 28, 2021**      /s/ *Barbara A. McAuliffe*
                                                      UNITED STATES MAGISTRATE JUDGE