# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLIN M. RANDOLPH,<br><br>  Plaintiff,<br><br>  v.<br><br>SANDOVAL, *et al.*,<br><br>  Defendants. | Case No. 1:18-cv-00968-NONE-BAM (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY AND MODIFY DISCOVERY AND SCHEDULING ORDER<br><br>(ECF No. 39) |

Plaintiff Colin M. Randolph ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendants Benavides and Carrillo for excessive force in violation of the Eighth Amendment and against Defendants Sandoval, Speidell, and Benavides for retaliation in violation of the First Amendment.

On October 13, 2020, the Court issued a Discovery and Scheduling Order setting the deadline for filing all dispositive motions (other than a motion for summary judgment for failure to exhaust) for August 23, 2021. (ECF No. 30.) On February 2, 2021, Defendants filed a motion for summary judgment on the ground that Plaintiff failed to exhaust his administrative remedies. (ECF No. 38.) The motion is not yet fully briefed.

Together with the motion for summary judgment, Defendants filed the instant motion to modify the Court's discovery and scheduling order to stay merits-based discovery and to vacate

the deadlines for discovery and dispositive motions until it rules on Defendants' motion for summary judgment on the issue of exhaustion. (ECF No. 39.) The Court finds a response unnecessary and the motion is deemed submitted. Local Rule 230(l).

Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id. If the party was not diligent, the inquiry should end. Id.

Defendants state that good cause exists to grant the motion because Defendants exercised due diligence in bringing the motion for summary judgment and in bringing the instant motion before the close of discovery and well before the dispositive motion deadline. (ECF No. 39.) Further, vacating these deadlines will avoid the expenditure of resources by the parties in conducting discovery and filing motions concerning the merits of the case, as Defendants argue that Defendants' motion for summary judgment will dispose of the case against Defendants. Defendants therefore request that the Court vacate the discovery and dispositive motion deadlines pending resolution of Defendants' motion for summary judgment on the issue of exhaustion. (Id.)

Having considered Defendants' moving papers, the Court finds good cause to modify the Discovery and Scheduling Order. The Court finds it would be an efficient use of the resources of the Court and the parties to address any exhaustion issues prior to reaching the merits of this action. Finally, the Court finds that the continuance granted here will not result in prejudice to Plaintiff, where the exhaustion-based summary judgment motion remains pending and is not yet fully briefed.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Defendants' motion to modify the scheduling order, (ECF No. 39), is GRANTED;
2. Merits-based discovery is STAYED;
3. The discovery and dispositive motion deadlines are VACATED; and

4. As necessary and appropriate, the Court will reset the deadlines following resolution of the pending motion for summary judgment for failure to exhaustion administrative remedies.

IT IS SO ORDERED.

Dated: **February 4, 2021**         /s/ *Barbara A. McAuliffe*
                                UNITED STATES MAGISTRATE JUDGE