# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLIN M. RANDOLPH,<br><br>            Plaintiff,<br><br>     v.<br><br>SANDOVAL, *et al.*,<br><br>            Defendants. | Case No.  1:18-cv-00968-JLT-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL<br>(ECF No. 41)<br><br>FINDINGS AND RECOMMENDATIONS GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT RE: EXHAUSTION<br>(ECF No. 38)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.     Background**

Plaintiff Colin M. Randolph ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's second amended complaint against Defendants Benavides and Carrillo for excessive force in violation of the Eighth Amendment and against Defendants Sandoval, Speidell, and Benavides for retaliation in violation of the First Amendment.

On February 2, 2021, Defendants filed a motion for summary judgment on the ground that the undisputed facts in the record prove that Plaintiff failed to properly exhaust available administrative remedies for the claims asserted in this action, as required by the Prison Litigation Reform Act.[1]  Fed. R. Civ. P. 56(c), *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en

---

[1] Concurrent with this motion, Plaintiff was provided with notice of the requirements for opposing a motion for

1

banc), *cert. denied*, 574 U.S. 968 (2014).  (ECF No. 38.)  Plaintiff filed his opposition on March 4, 2021, (ECF No. 41), and Defendants filed a reply on March 12, 2021, (ECF No. 42).

The motion for summary judgment is deemed submitted.[2]  Local Rule 230(l).

## II. Defendants' Motion for Summary Judgment

### A. Statutory Exhaustion Requirement

Section 1997e(a) of the Prison Litigation Reform Act of 1995 provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Albino*, 747 F.3d at 1166.  "In the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." *Albino*, 747 F.3d at 1166.  Otherwise, the defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust. *Id.*

Defendants must first prove that there was an available administrative remedy and that Plaintiff did not exhaust that available remedy. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (citing *Albino*, 747 F.3d at 1172) (quotation marks omitted).  The burden then shifts to Plaintiff to show something in his particular case made the existing and generally available administrative remedies effectively unavailable to him. *Williams*, 775 F.3d at 1191 (citing *Albino*, 747 F.3d at 1172) (quotation marks omitted).  The ultimate burden of proof on the issue

---

summary judgment.  *See Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1988); *Klingele v. Eikenberry*, 849 F.2d 409, 411–12 (9th Cir. 1988).  (ECF No. 38-1.)

[2] This motion was dropped inadvertently by the Court's CM/ECF reporting/calendaring system resulting in the prolonged delay in resolution.

of exhaustion remains with Defendants. *Id.* (quotation marks omitted).

B. **Summary Judgment Standard**

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); *Albino*, 747 F.3d at 1166; *Wash. Mut. Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, although it is not required to do so. Fed. R. Civ. P. 56(c)(3); *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *accord Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

The defendant bears the burden of proof in moving for summary judgment for failure to exhaust, *Albino*, 747 F.3d at 1166, and he must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," *id.* at 1172. If the defendant carries his burden, the burden of production shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." *Id.* at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." *Id.*

**III. Discussion**

A. **Summary of CDCR's Administrative Review Process**

At the relevant time, "[t]he California prison grievance system ha[d] three levels of review; an inmate exhausts administrative remedies by obtaining a decision at each level." *Reyes*

*v. Smith*, 810 F.3d 654, 657 (9th Cir. 2016) (citing Cal. Code Regs. tit. 15, § 3084.1(b) (repealed June 1, 2020) & *Harvey v. Jordan*, 605 F.3d 681, 683 (9th Cir. 2010)). *See also* Cal. Code Regs. tit. 15, § 3084.7(d)(3) ("The third level review constitutes the decision of the Secretary of the California Department of Corrections and Rehabilitation on an appeal, and shall be conducted by a designated representative under the supervision of the third level Appeals Chief or equivalent. The third level of review exhausts administrative remedies….") (repealed June 1, 2020).

Pursuant to this system, an inmate may appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate . . . can demonstrate as having a material adverse effect upon his . . . health, safety, or welfare." *Id.* at § 3084.1(a).

The process was initiated by submitting a CDCR Form 602, Inmate/Parolee Appeal. *Id.* at § 3084.2(a). In the appeal form, prisoners must list all staff members involved and describe their involvement in the issue. *Id.* at § 3084.2(a)(3). If the inmate does not have the requested identifying information about the staff member, he must provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member in question. *Id.*

**B.    Undisputed Material Facts (UMF)[3]**

1. Plaintiff Colin Randolph (CDCR No. T-27441) ("Plaintiff") is an inmate in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). (Second Amended Complaint, ECF No. 16 ("SAC"), p. 1; Declaration of A. Leyva in Support of Defendants' Motion for Summary Judgment ("Leyva Decl.") ¶ 3; Declaration of H. Mosely in Support of Defendants' Motion for Summary Judgment ("Moseley Decl.") ¶ 6.)

2. Plaintiff filed this action on July 18, 2018, regarding alleged incidents at Kern Valley State Prison ("KVSP"). (Complaint, ECF No. 1 ("Compl.").)

3. Plaintiff's SAC alleges, among other things, the following:

    On August 24, 2014, Defendants Benavides and Carrillo gave Plaintiff direct orders to exist his cell. Plaintiff complied, but, without provocation, was pepper sprayed in the

---

[3] ECF No. 38-3 (Defendants' Separate Statement of Undisputed Facts in Support of Motion for Summary Judgment); ECF No. 41, pp. 14–47 (Plaintiff's Undisputed Facts). Unless otherwise indicated, disputed and immaterial facts are omitted from this statement and relevant objections are overruled.

face. Plaintiff immediately proned out on his cell floor and Defendants Benavides and Carrillo pepper sprayed Plaintiff over his entire body. Plaintiff's face, torso, groin, and legs were covered with pepper spray, burning his skin, eyes, and throat. Plaintiff was then handcuffed by Defendant Carrillo and led to a holding tank. Plaintiff was subsequently seen by medical staff.

Defendant Sandoval conducted an interview regarding the incident and alleged use of excessive force. Plaintiff informed Defendant Sandoval of the circumstances involving the use of force by Defendants Benavides and Carrillo. Defendant Sandoval asked Plaintiff if he would be pursuing legal action against those Defendants. After stating that he would, Plaintiff was told by Defendant Sandoval that he would be placed in solitary confinement for charges that would make his legal pursuit a waste of time.

Plaintiff was taken to Administrative Segregation and placed in solitary confinement. Defendant Sandoval gave Plaintiff a CDCR 114D lock up order bearing his name and signature. Plaintiff alleges that the facts supporting the lock-up order were fabricated by Defendant Sandoval in order to place Plaintiff in solitary confinement in retaliation for Plaintiff's anticipated legal action.

Plaintiff further claims that he was issued RVR 15-03-011, authored by Defendant Benavides, arising from the same incident for possession of a controlled substance for distribution. Plaintiff alleges this was retaliation by Benavides for Plaintiff seeking redress of the unnecessary and excessive force by Defendants Benavides and Carrillo.

On August 8, 2016, the RVR 15-03-011R for a possession of a controlled substance for distribution was heard for a second time by Defendant Speidell. Plaintiff told Defendant Speidell about his allegations of excessive force and the fabricated RVR, but Defendant Speidell refused to call Defendants Carrillo and Sandoval. Defendant Speidell said witnesses were refused in retaliation for Plaintiff filing appeals and pursuing legal actions. Defendant Speidell found Plaintiff guilty of the RVR for possession of a controlled substance, violating Plaintiff's due process, and was restricted from the yard for 90 days. Plaintiff appealed this guilty finding and the RVR was eventually dismissed as a result of Plaintiff's appeal.

Programming, time credits, and visiting privileges were restored to Plaintiff. But Plaintiff was denied yard for 190 days as a result of fabricated reporting by Defendants Benavides and Carrillo and Plaintiff was in solitary confinement for five months. Plaintiff suffered anxiety and depression. Plaintiff is still housed in the same Facility B at KVSP where the Defendants are correctional officers.

(*See* SAC, generally.)

4. In screening the SAC, the Court found Plaintiff stated a potentially cognizable: (1) Eighth Amendment excessive force claim against Defendants Carrillo and Benavides arising out of the events on August 24, 2014; (2) a First Amendment retaliation claim against Defendant Sandoval for allegedly issuing a fabricated CDCR 114D lock up order to

5

prevent Plaintiff from pursuing his allegations of excessive force; (3) a First Amendment retaliation claim against Defendant Speidell for his alleged refusal to call witnesses in Plaintiff's RVR hearing after learning of Plaintiff's excessive force claims and because Plaintiff was pursuing filing appeals and legal actions; and (4) a First Amendment retaliation claim against Defendant Benavides for allegedly issuing RVR 15-03-11 in retaliation of Plaintiff's continued pursuits of excessive force claims against Defendants Benavides and Carrillo. The Court dismissed all other claims and defendants. (ECF Nos. 18, 20.)

5. CDCR and KVSP had an administrative grievance process for inmates at all times relevant to this lawsuit, which allows them to appeal any departmental decision, action, policy, omission, or condition that has an adverse material effect on the inmate's welfare. (Leyva Decl. ¶ 3; SAC, p. 4; Moseley Decl. ¶ 4.)

6. An inmate appeal is initiated by submitting a CDCR Form 602 ("Form 602" or "appeal"). (Leyva Decl. ¶ 5); Cal. Code Regs. tit. 15, § 3084.2(a).[4]

7. Inmates must follow the procedures set forth in California Code of Regulations, Title 15, sections 3084.1 through 3085, which includes describing the problem and action requested in the appeal form. The appeals process has three levels of review. (Leyva Decl. ¶ 5; Moseley Decl. ¶ 4.)

8. At the first level of review, CDCR form 602 appeals are submitted to the appeals coordinator at the institution. The appeals coordinator may bypass the first level under certain circumstances. If the inmate is not satisfied with the decision at the first level, he may appeal to the second level. The second level must be completed before the inmate may appeal to the third level. The third level of review constitutes the decision of the Secretary of CDCR and is conducted under the supervision of the third level Appeals Chief or equivalent. A decision at the third level review exhausts administrative remedies. To properly exhaust an administrative grievance, an inmate must pursue his appeals through all levels of the administrative appeal process unless excused from one of the

---
[4] All citations to Title 15 refer to the versions in effect in 2014–2018.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

levels under Title 15. (Leyva Decl. ¶ 6; Mosely Decl. ¶¶ 2, 4, 6); Cal. Code Regs. tit. 15, §§ 3084.1, 3084.7.

9. Inmates are required to list the staff members and the date of that staff member's involvement in the issue under appeal. If the inmate does not have the requested identifying information about the staff member(s), he shall provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question. The inmate shall state all facts known and available to him/her regarding the issue being appealed at the time of submitting the Inmate/Parolee Appeal forms. (Leyva Decl. ¶ 7); Cal. Code Regs. tit. 15, §§ 3084.2(a)(3), 3084.2(a)(4).

10. When an inmate submits an appeal that does not comply with regulations governing the appeal process, an appeals coordinator will reject and return the appeal with the reason for the rejection and provide instructions to correct the defect, if correction is possible. An appeal that is cancelled cannot be resubmitted, but an inmate may appeal the cancellation if he/she feels the cancellation is in error. An appeal may be rejected or cancelled for the reasons outlined in California Code of Regulations, Title 15, sections 3084.6(b) and (c), including expiration of time limits, allegations that lack factual evidence and specific detail, and exceeding the allowable number of appeals filed in a 14-calendar-day period. If an appeal is rejected or cancelled at any level, it is not exhausted. (Leyva Decl. ¶ 8; Moseley Decl. ¶ 4); Cal. Code Regs. tit. 15, §§ 3084.6(b), (c), and (e).

11. Inmates are only permitted to appeal one issue per appeal. (Leyva Decl. ¶ 8); Cal. Code Regs. tit. 15, § 3084.6(b)(8).

12. The Office of Appeals ("OOA") receives, reviews, and maintains all non-medical inmate grievances at the third and final level of review. (Mosely Decl. ¶ 2.)

13. A final decision at the third level of review generally exhausts an inmate grievance. Rejection or cancellation of an appeal at any level does not exhaust administrative remedies. A request for the institution to modify or amend an appeal from the third level of formal review does not exhaust the appeal. (Leyva Decl. ¶¶ 6, 9; Moseley Decl. ¶ 2);

Cal. Code Regs. tit. 15, § 3084.1.

14. The administrative appeals process at KVSP remained available to Plaintiff and Plaintiff knew about and used the administrative grievance process between August 24, 2014 and July 18, 2018.  (SAC, p. 4; Leyva Decl. ¶ 10, Ex. A; ¶¶ 14–30, Exs. B–P; Moseley Decl. ¶ 6, Ex. A; ¶¶ 8–13, Exs. B–G.)

15. Between August 24, 2014 and July 18, 2018, Plaintiff submitted approximately 15 non-medical appeals to KVSP's appeals office that were accepted for review.  (Leyva Decl. ¶ 10, Ex. A.; ¶¶ 14–30, Exs. B–P.)

16. Between August 24, 2014 and July 18, 2018, Plaintiff also submitted multiple appeals that were screened out, rejected, or cancelled for Plaintiff's failure to properly submit them. Each time an appeal was rejected, Plaintiff was instructed how to correct the issue.  (*Id.* ¶ 8; ¶ 10, Ex. A.)

17. Appeal Log Nos. KVSP-O-14-04158, KVSP-O-15-01097, KVSP-O-15-01750, KVSP-O-16-00153, KVSP-O-16-03131, KVSP-O-17-01467, and KVSP-O-17-02978 are the Appeals relevant to the claims alleged in Plaintiff's SAC.  (*Id.* ¶¶ 14–20, Exs. B–G; SAC, pp. 15–20.)

18. Plaintiff submitted Appeal Log No. KVSP-O-14-04158 on December 14, 2014, and the Appeals Office accepted it for review on or about January 7, 2015.  Plaintiff provided that the subject of the Appeal was "ICC/Due Process."  In the Appeal he provided that he was being held in ASU without due process and the focus of the Appeal was this issue. Plaintiff briefly states that he was "held in Ad-Seg for false reasons and no drugs ever found or loged [sic] I was sprayed and beat up by C/O Carrillo and many subsequent cover ups occurred."  The Appeals Office categorized the Appeal as a "Custody/Class" issue and responded to the issues raised regarding that issue on February 3, 2015, in a decision dated January 23, 2015.  Plaintiff also attached a Classification Committee Chrono to the Appeal as supporting documentation.  At no point does Plaintiff state that any actions complained of were in retaliation for his legal pursuits.  (Leyva Decl. ¶ 14, Ex. B.)

8

19. The Appeals Office granted Appeal Log No. KVSP-O-14-04158 in part at the second level stating that the issue being appealed was Plaintiff's retention in the Administrative Segregation Unit without due process. Plaintiff was referred back to the ICC for a subsequent ASU review. All other aspects of the Appeal were denied and the Appeals Office did not address the brief comment regarding Defendant Carrillo's force as this was not the issue being appealed and Plaintiff would have needed to submit a separate appeal on this issue. The Appeal was subsequently returned to the second level of formal review by the third level for modification because the name of the psychiatrist or physician who was present at the ICC was not contained in the ICC paperwork and the ICC paperwork needed additional information from the hearing. Therefore, a new ICC needed to be conducted which included this information, resulting in an amended second level decision. The Appeals Office issued an amended second level decision on September 2, 2015. The issue being appealed remained essentially the same—concerning Plaintiff's placement in ASU and the extension granted by the Classification Staff Representative. Plaintiff's Appeal was again granted in part in that his case was referred to the ICC for a subsequent ASU review. All other portions of the Appeal were denied. Again, no allegations of excessive force were evaluated as these would be considered a separate and unrelated issue for a separate appeal. (*Id.*)

20. Plaintiff then submitted Appeal Log No. KVSP-O-14-04158 to the third level of formal review where the OOA accepted this appeal for review on July 30, 2015, and assigned it Appeal Log No. 1410814. The OOA also did not address any excessive force or retaliation allegations and responded to the primary issue of the Appeal—the ICC. The OOA denied the appeal on September 28, 2015. (Moseley Decl. ¶ 8, Ex. B.)

21. Plaintiff submitted Appeal Log No. KVSP-O-15-01750 and the Appeals Office accepted it for review on or about June 19, 2016. In the Appeal, Plaintiff appealed the cancellation of Appeal Log No. KVSP-O-15-01097. Appeal Log No. KVSP-O-15-01097 was cancelled because Plaintiff failed to comply with the applicable time constraints under Cal. Code Regs. tit. 15, § 3084.6(c)(4). The Appeals Office denied the Appeal on July 27, 2015,

because the excessive force incident complained of occurred on August 24, 2014; however, Plaintiff did not submit Appeal Log No. KVSP-O-15-01097 until April 15, 2015, 243 days after the alleged incident. Accordingly, it was correctly cancelled. (Leyva Decl. ¶ 15, Ex. C; SAC, pp. 15–16.)

22. Plaintiff appealed Appeal Log No. KVSP-O-15-01750 to the third level of review where the OOA accepted it for review on August 17, 2015, and assigned it Appeal Log No. 1501844. The OOA denied the appeal on October 9, 2015, because Plaintiff did not provide a legitimate reason for exceeding the applicable time constraints. (Moseley Decl. ¶ 9, Ex. C.)

23. Appeal Log No. KVSP-O-15-01097 was initially received and rejected it on April 21, 2015, because it contained multiple issues that did not derive from a single event or which could not be addressed in a single response under Cal. Code Regs. tit. 15, § 3084.6(b)(8). Plaintiff was instructed how to correct these issues. Plaintiff then resubmitted the appeal where it was rejected again on or about May 6, 2015, because the issue being appealed was unclear. Plaintiff then resubmitted the appeal where it was cancelled on May 27, 2015, because Plaintiff failed to comply with the applicable time constraints under Cal. Code Regs. tit. 15, § 3084.6(c)(4) by waiting approximately 243 days after the incident to submit his Appeal. In Appeal Log No. KVSP-O-15-01097, Plaintiff alleged excessive force, due process violations, and fabrication of reports related to RVR 15-03-011. Specifically, Plaintiff alleged staff used excessive force on August 24, 2014, during a routine cell search, by pepper spraying him. Plaintiff was placed in ASU following the incident. Plaintiff names Defendants Sandoval, Carrillo, and Benavides in Appeal Log No. KVSP-O-15-01097, but does not state what each did. Accordingly, Plaintiff did not exhaust this Appeal. (Leyva Decl. ¶ 16, Ex. C; SAC, pp. 15–16.)

24. Appeal Log No. KVSP-O-16-00153 was received and forwarded by California State Prison, Corcoran to KVSP on or about December 31, 2015. A letter was sent to Plaintiff notifying him of this. In the appeal, Plaintiff alleged that RVR Log No. FB-15-03-011, for possession of a controlled substance for distribution, dated March 3, 2015, was

improper and therefore should be dismissed and Plaintiff's privileges restored. KVSP appeals office denied the appeal on February 9, 2016, stating that Plaintiff's staff misconduct claims were already addressed in Appeal Log No. KVSP-O-15-01097, and therefore they would not be addressed in this appeal. The second level review concluded that the Senior Hearing Officer ("SHO") clearly documented the evidence and properly found Plaintiff guilty. The second level review further concluded that Plaintiff's due process rights were not violated. (Leyva Decl. ¶ 17, Ex. D; SAC, p. 17.)

25. The OOA received accepted Appeal Log No. KVSP-O-16-00153 for review on June 16, 2016, and assigned it Appeal Log No. 1509809. The OOA partially granted the appeal on August 16, 2016, finding that the stipulated testimony was not an appropriate substitute for the reporting employee's presence. The OOA instructed the institution to re-issue and re-hear RVR Log No. FB-15-03-011. (Moseley Decl. ¶ 10, Ex. D.)

26. Appeal Log No. KVSP-O-16-03131 was received and initially rejected on or about October 12, 2016, because the Appeal contained multiple issues that needed to be separated and vague allegations regarding excessive force without any details. Plaintiff was instructed to correct these issues. Plaintiff resubmitted the Appeal where it was received on or about October 26, 2016, and rejected again because Plaintiff again asserted vague allegations of unnecessary force without any details and also appealed the guilty finding for an RVR, which are two separate issues. Plaintiff was instructed to separate the issues and describe the alleged force used. Plaintiff then corrected and resubmitted the Appeal where it was accepted at the second level of formal review on or about November 1, 2016. In the revised Appeal, Plaintiff alleged SHO Speidell failed to consider all the relevant evidence for RVR Log No. 15013011R, that he was denied an investigative employee, denied witnesses, denied mitigating evidence, and that the RVR should be overturned and his privileges restored. Plaintiff did not state anywhere in the Appeal that the RVR was authored to retaliate against him for his legal pursuits or that Defendant Speidell found him guilty or took any actions in retaliation for Plaintiff's legal pursuits. Any separate allegations regarding staff misconduct were not addressed in the appeal.

1  The second level reviewer found that Plaintiff was provided appropriate due process and
2  the guilty finding was appropriate and denied that appeal on December 8, 2016. (Leyva
3  Decl. ¶ 18, Ex. E; SAC, pp. 18–19.)
4  27. The OOA accepted Appeal Log No. KVSP-O-16-03131 for review on December 30,
5  2016, and assigned it Appeal Log No. 1606861. The OOA partially granted the appeal on
6  March 7, 2017, finding that while Plaintiff's requested witness was not identified as the
7  reporting employee, the supporting crime incident report identified him as a primary
8  witness and showed that he was present during the August 24, 2014 incident. Therefore,
9  Plaintiff's request to question this witness at the hearing was appropriate and should have
10 been granted. The OOA instructed the institution to re-issue and re-hear the disciplinary
11 action. However, nowhere in the appeal does Plaintiff allege that the denial of his
12 requested witnesses was done in retaliation for his pursuit of administrative or legal
13 remedies, and therefore did not address the issue in this appeal. Furthermore, the OOA
14 found that Plaintiff's excessive force claim arising out of the August 24, 2014, incident
15 was already addressed in Institutional Log No. KVSP-15-01097, and therefore did not
16 address the excessive force allegations in this appeal. (Moseley Decl. ¶ 11, Ex. E.)
17 28. In Appeal Log No. O-17-01467, Plaintiff requested all rights and privileges be restored
18 and compensation following the not guilty finding for RVR Log No. 15-03-011RR.
19 Plaintiff also requested the dismissal of RVR Log No. FB-14-08-047, where Plaintiff was
20 found guilty of possession of a cell phone. Plaintiff mentions Defendants Carrillo and
21 Benavides but does not state that any reports or actions taken were done in retaliation for
22 Plaintiff's litigation activities. The Appeal was received and accepted for review at the
23 first level of formal review on or about May 18, 2017. On June 5, 2017, the first level of
24 formal review partially granted Plaintiff's Appeal stating that Lieutenant Duncan
25 dismissed RVR Log No. FB-15-03011RR for the specific charge of possession of a
26 controlled substance with intent to distribute. Plaintiff had been released from the ASU,
27 his A1/A privileges restored, and all credits restored. However, Plaintiff would not
28 receive compensation. The first level decision only evaluated Plaintiff's complaints

1  following the dismissal of RVR Log No. FB-15-03011RR.  (Leyva Decl. ¶ 19, Ex. F.)

2  29. Plaintiff then appealed KVSP-O-17-01467 to the second level of formal review, where his
3  Appeal was received and accepted for review on or about June 22, 2017.  At the second
4  level, the reviewer stated that Plaintiff's original Appeal alleged excessive force on
5  August 24, 2014, confinement to ASU, loss of credits, loss of privileges, and emotion
6  distress.  In his Appeal to the second level of formal review, Plaintiff continued to express
7  dissatisfaction and claimed he was unaware contraband was located in his cell and that he
8  should also not have been issued RVR Log No. FB-14-08-047.  Plaintiff requested that he
9  be exonerated from this RVR too.  The second level reviewer found that Plaintiff's
10 program status, privileges, and lost credits were accurately restored once RVR Log No.
11 FB-15-03-011RR was properly adjudicated.  Plaintiff's request to overturn RVR Log No.
12 FB-14-08-047 (cell phone possession) was denied as it was properly adjudicated and
13 Plaintiff's due process rights were not violated.  Accordingly, this Appeal was denied at
14 the second level of formal review on July 6, 2017.  However, after further review, an
15 amended second level decision was issued on October 16, 2017.  Plaintiff's allegations
16 regarding correctional officers filing false reports was bifurcated into Appeal Log No.
17 KVSP-17-2978 and these issues were not addressed in Appeal Log No. KVSP-O-17-
18 01467.  Plaintiff's excessive force claims were addressed in Appeal Log No. KVSP-O-15-
19 01097.  Plaintiff was properly retained in ASU from August 24, 2014, through January 15,
20 2015, pending an investigation resulting from the August 24, 2014 incident.  The reviewer
21 noted inconsistencies between the two RVRs arising out of the same incident and that if
22 the SHO had this new evidence, Plaintiff would not be found guilty.  Therefore, the
23 reviewer ordered RVR Log No. FB-14-08-047 to also be dismissed and Plaintiff's credits
24 and privileges restored.  The reviewer denied monetary compensation.  Accordingly,
25 Plaintiff's Appeal was ultimately granted in part at the second level of formal review.
26 (*Id.*; SAC, pp. 19–20.)

27 30. Appeal Log No. KVSP-O-17-02978 is the bifurcated appeal from KVSP-O-17-01467.
28 This Appeal was received and accepted for review at the second level of formal review on

1    or about October 16, 2017.  In the Appeal, Plaintiff alleged that Defendants Carrillo and
2    Benavides issued false reports for RVRs FB-14-08-047 and FB-15-03-011/R/RR.
3    Nowhere in the Appeal does Plaintiff allege this was done in retaliation for Plaintiff's
4    legal activities, therefore this allegation was not investigated.  The Appeal was granted in
5    part in that an appeal inquiry was conducted, but staff did not violate policy.  (Leyva Decl.
6    ¶ 20, Ex. G.)

7.   31. The OOA accepted Appeal Log No. KVSP-O-17-02978 for review on January 22, 2018,
8    and assigned it Appeal Log No. 1715108.  The OOA denied the appeal on April 3, 2018,
9    finding that Plaintiff's allegations were appropriately reviewed and evaluated at the
10   second level and staff did not violate policy.  (Moseley Decl. ¶ 12, Ex. F.)

11.  32. Plaintiff submitted other appeals to the KVSP appeals office and OOA which were
12   accepted for review during the relevant time period but were not relevant to the claims
13   raised in the SAC.  (Leyva Decl. ¶¶ 21–30, Exs. H–P; Moseley Decl. ¶ 13, Ex. G.)

14.  33. None of the Appeals submitted to OOA during the relevant time frame alleged that
15   Defendant Sandoval had Plaintiff placed in Administrative Segregation following the
16   August 24, 2014 incident in retaliation for Plaintiff's intent to pursue legal action.
17   (Moseley Decl. ¶ 14.)

### C. Analysis of Motion

#### 1. Parties' Positions

Defendants contend that the undisputed facts in the record show that Plaintiff did not properly exhaust his allegations against Defendants.  Specifically: (1) Plaintiff failed to exhaust his Eighth Amendment excessive force claims against Defendants Carrillo and Benavides arising out of the August 24, 2014 incident; (2) Plaintiff failed to submit any appeals alleging that Defendant Sandoval fabricated a 114D lock up order on August 24, 2014 in retaliation for Plaintiff's threats of legal action against Defendants Carrillo and Benavides; (3) Plaintiff failed to submit any appeals alleging Defendant Speidell refused to call witnesses at Plaintiff's hearing for RVR Log No. 15-03-11 in retaliation for Plaintiff's pursuit of appeals and legal actions; (4) Plaintiff failed to submit any appeals alleging Defendant Benavides issued and/or authored a

1  report in relation to RVR Log No. 15-03-11 in retaliation for Plaintiff's pursuit of legal claims
2  arising out of the August 24, 2014 incident; and (5) Plaintiff was not excused from the PLRA's
3  exhaustion requirement.  To the extent the Court finds any genuine disputes of material fact
4  regarding exhaustion, Defendants request that the Court set a preliminary evidentiary hearing to
5  resolve any such disputes before the parties proceed to the merits of this case.
6        Plaintiff argues in opposition that Appeal Log Nos. KVSP-O-14-04158/IAB# 1410814,
7  KVSP-O-15-01097 and KVSP-O-15-01750/IAB# 1501844, KVSP-O-16-0153/IAB# 1509809,
8  KVSP-O-16-03131/IAB# 1606861, and KVSP-O-17-01467/IAB# 1708677 and bifurcated
9  KVSP-O-17-02978/IAB# 1715108 were all properly exhausted at each level of review.  All of
10 these appeals included Plaintiff's allegations regarding the excessive force used by Defendants
11 Benavides and Carrillo on August 24, 2014 or the attempts by Defendants Speidell, Sandoval, and
12 Carrillo to fabricate evidence and cover up the original excessive force incident.  Plaintiff argues
13 that the later appeals described the origin of a related set of issues all beginning with the August
14 24, 2014 use of excessive force.  Plaintiff also declares that he filed several appeals beginning on
15 August 27, 2014, which were never acknowledged by the Appeals Office, until the about
16 December 27, 2014 when the Appeals Office processed Plaintiff's first appeal regarding his
17 improper placement in Ad-Seg, excessive force, and fabrication of reports.  Plaintiff further
18 requests appointment of counsel if the Court finds it appropriate to order a preliminary
19 evidentiary hearing.  (ECF No. 41, p. 3.)
20       In reply, Defendants argue that the evidence submitted with Plaintiff's opposition does not
21 prove he exhausted.  Despite Plaintiff's argument that if he exhausted any one appeal, he
22 exhausted all of his allegations because all of his appeals touched on his allegations in one form
23 or another, each appeal addressed and exhausted a very specific issue, if the appeal was exhausted
24 at all.  Further, Plaintiff is required to comply with the procedural requirements for exhaustion
25 and complete the exhaustion process before filing suit, not just alert the prison to his grievance.
26 Finally, Plaintiff does not set forth any evidence to show how the exhaustion process was
27 rendered unavailable to him, and the undisputed facts show Plaintiff filed multiple appeals during
28 the relevant time frame.

2.     Plaintiff Did Not Fully Exhaust the Claims Raised in the SAC

The Court finds that Plaintiff did not submit any appeal that both addressed any of the claims raised in the SAC and was fully exhausted through all required levels.  Plaintiff is incorrect that merely referencing the incident of August 24, 2014 was sufficient to place prison officials on notice of his excessive force and retaliation claims, when the appeal was ultimately processed as addressing a separate issue.  Furthermore, even if such a reference were sufficient to place prison officials on notice of Plaintiff's excessive force and retaliation claims, it would not be sufficient to overcome the procedural requirements for timely filing or exhaustion through all levels of appeal.

a.     *KVSP-O-14-04158*

Although KVSP-O-14-04158 was fully exhausted through all levels of review, it did not address Plaintiff's claims in the SAC.  UMF 18–20.  The subject of the appeal was "ICC/Due Process," and Plaintiff explained that the issue was his being held in ASU without due process.  UMF 18.  Plaintiff briefly mentions that he was "sprayed & beat by C/O Carrillo and many subsequent cover ups occurred," but this was not sufficient to place prison officials on notice that he was attempting to raise any excessive force or retaliation claims related to the August 24, 2014 incident because the issue in the appeal was "ICC/Due Process."  KVSP-O-14-04158 therefore did not exhaust any of Plaintiff's claims in this action.

b.     *KVSP-O-15-01097 and KVSP-O-15-01750*

In KVSP-O-15-01097, submitted April 15, 2015, Plaintiff alleges that staff used excessive force on August 24, 2014, and also raises due process violations and fabrication of reports related to RVR 15-03-011.  UMF 23.  KVSP-O-15-01097 was rejected on April 21, 2015 for containing multiple issues, resubmitted with corrections, rejected again on May 6, 2015 because the issue being appealed was unclear, resubmitted again, and finally cancelled on May 27, 2015 because Plaintiff failed to comply with applicable time constraints.  UMF 23.  Specifically, Plaintiff waited until April 15, 2015 to submit his appeal relating to the August 24, 2014 incident.

Plaintiff submitted KVSP-O-15-01750 to appeal the cancellation of KVSP-O-15-01097, arguing that KVSP-O-15-01097 was filed within time constraints because it was submitted within

16

1  30 days of when Plaintiff was issued the March 17, 2015 RVR # FB-15-03-011.  UMF 21.
2  KVSP-O-15-01750 was denied at the third level, finding that KVSP-O-15-01097 was correctly
3  cancelled because it was not submitted within 30 days of the August 24, 2014 incident.  UMF 21.
4  　　　　The time for Plaintiff to appeal his excessive force claims began on August 24, 2014, not
5  the date that Plaintiff received an RVR from the incident.  KVSP-O-15-01097 was filed nearly a
6  year after August 24, 2014, and was correctly cancelled as failing to meet time constraints.  As
7  KVSP-O-15-01097 was not exhausted through all levels of review, and KVSP-O-15-01750 found
8  that KVSP-O-15-01097 was correctly cancelled as untimely, these appeals do not exhaust
9  Plaintiff's claims in this action.
10  　　　　　　　　c.　　　*KVSP-O-16-00153*
11  　　　　Although KVSP-O-16-00153 was fully exhausted through all levels of review, it did not
12  address Plaintiff's claims in the SAC.  UMF 24–25.  Plaintiff appealed RVR #FB-15-03-011, and
13  the appeal was granted at the third level with instruction to reissue and re-hear the RVR.  UMF
14  24–25.  The second level review noted that Plaintiff contained allegations of staff misconduct
15  related to unlawful force used on August 24, 2014, but that those issues were previously raised in
16  KVSP-15-O-01097 and would not be addressed.  UMF 24.  The third level decision related only
17  to RVR #FB-15-03-11.  UMF 25.  Accordingly, KVSP-O-16-00153 did not exhaust any of
18  Plaintiff's claims in this action.
19  　　　　　　　　d.　　　*KVSP-O-16-03131*
20  　　　　Although KVSP-O-16-03131 was fully exhausted through all levels of review, it did not
21  address Plaintiff's claims in the SAC.  UMF 26–27.  KVSP-O-16-03131 was submitted, rejected,
22  and resubmitted multiple times because it contained multiple issues or Plaintiff failed to include
23  names or other details related to his excessive force claims.  UMF 26.  The corrected and
24  resubmitted appeal alleged that Defendant Speidell, acting as the SHO for RVR 15013011R,
25  failed to consider all relevant evidence, denied Plaintiff an investigative employee, denied
26  witnesses, and denied mitigating evidence.  UMF 26.  Plaintiff states in the appeal that "(SHO)
27  Lt. Speidell . . . upon issuing RVR # 1503011R provided me w/out valid explanation, negative
28  responses to my request for an I.E. where the issues are retaliation & fabrication of documents

17

1    regarding an (A-2) serious offense." (ECF No. 38-4, p. 113.) However, merely including the
2    word "retaliation" in the appeal was not sufficient to place prison officials on notice that Plaintiff
3    was alleging that Defendant Speidell found Plaintiff guilty of the RVR or otherwise took any
4    adverse action against Plaintiff in retaliation for pursuing his legal or administrative remedies.
5    Finally, the third level decision found that Plaintiff's allegations of unnecessary/excessive force
6    were already addressed by KVSP-O-15-01097. UMF 27. Accordingly, KVSP-O-16-03131 did
7    not exhaust any of Plaintiff's claims in this action.

          e.    *KVSP-O-17-01467 and KVSP-O-17-02978*

9    Although KVSP-O-17-01467 was fully exhausted through all levels of review, it did not
10   address Plaintiff's claims in the SAC. UMF 28–29. The subject of the appeal was Plaintiff's
11   request for restoration of rights following adjudication of RVR 15-03-011RR. UMF 28. The
12   second level review found that Plaintiff's excessive force claims were previously addressed by
13   KVSP-O-15-01097. UMF 29. The KVSP-O-17-01467 was denied at the third level, which
14   found that RVR 15-03-011RR was dismissed and restorable sanctions were returned to Plaintiff.
15   UMF 29.

16   The second level of review of KVSP-O-17-01467 identified Plaintiff's separate allegation
17   that Defendants Carrillo and Benavides wrote false reports relating to FB-14-08-047 and FB-15-
18   03-11R/RR. UMF 30. The issue was bifurcated and submitted as KVSP-O-17-02978, which was
19   denied at the third level. UMF 31. While Plaintiff alleged that Defendants Carrillo and
20   Benavides "issued erroneous & false reports," Plaintiff does not allege that these reports were
21   issued in retaliation for Plaintiff's legal activities. UMF 30. As discussed in the Court's
22   screening order, the filing of false reports does not state a cognizable claim. (ECF No. 18, pp. 8–
23   9.) Accordingly, KVSP-O-17-01467 and KVSP-O-17-02978 did not fully exhaust Plaintiff's
24   excessive force or retaliation claims against any defendants.

          3.    <u>Availability of Grievance Process</u>

26   Plaintiff has failed to show a genuine dispute of material fact as to the availability of the
27   grievance process.

28   Plaintiff declares, under penalty of perjury, that beginning on August 27, 2014, he filed

1 several appeals that were never acknowledged by the Appeals Office. (ECF No. 41, p. 62.)
2 Plaintiff states he contacted his mother and informed her of the refusal to have his appeals heard
3 by the Appeals Office regarding excessive force, fabricated reports, and Ad-Seg placement, and
4 asked her to contact the counsel. (*Id.*) After filing these appeals, the Appeals Process processed
5 his first appeal on or about December 27, 2014. (*Id.*)

6 Plaintiff also includes a declaration from his mother, Toni Terrell-Randolph, signed under
7 penalty of perjury, stating generally that Plaintiff contacted her regarding being placed in
8 Administrative Segregation for false charges of having and being seen destroying drugs and that
9 he was sprayed by officers because of legal complaints.[5] (*Id.* at 60.) Terrell-Randolph further
10 states that she spoke with Counselor CCII Perez regarding Plaintiff's complaint that he was
11 abused by staff and none of his complaints were answered. (*Id.*)

12 Aside from these declarations, Plaintiff has failed to provide any evidence to support his
13 claim that the grievance process was unavailable to him. The declarations themselves provide
14 only conclusory allegations that Plaintiff attempted to submit appeals prior to December 2014,
15 but no other details or supporting evidence, such as dates when Plaintiff submitted the appeals or
16 copies of the submitted grievances. This is insufficient to create a genuine dispute of material
17 fact. *See Rivera v. AMTRAK*, 331 F.3d 1074, 1078 (9th Cir. 2003) ("Conclusory allegations
18 unsupported by factual data cannot defeat summary judgment."); *F.T.C. v. Publ'g Clearing*
19 *House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997), as amended (Apr. 11, 1997) ("A conclusory,
20 self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create
21 a genuine issue of material fact.").

22 Based on the evidence in the record, the Court finds that there were administrative
23 remedies available to Plaintiff, and Plaintiff's failure to exhaust his administrative remedies as to
24 the claims in this action is not excused.

---

[5] To the extent Defendants object to the Terrell-Randolph declaration as inadmissible hearsay, the objection is overruled. Declarations which contain hearsay are admissible for summary judgment purposes if they can be presented in admissible form at trial. *Fonseca v. Sysco Food Servs. of Ariz., Inc.*, 374 F.3d 840, 846 (9th Cir. 2004). Furthermore, "[i]f the significance of an out-of-court statement lies in the fact that the statement was made and not in the truth of the matter asserted, then the statement is not hearsay." *Calmat Co. v. U.S. Dep't of Labor*, 364 F.3d 1117, 1124 (9th Cir. 2004).

Furthermore, as the Court has found no disputes of fact regarding exhaustion, no preliminary evidentiary hearing is necessary, and Plaintiff's request for appointment of counsel is denied, without prejudice.

### IV. Order and Recommendations

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's request for appointment of counsel, (ECF No. 41, p. 3), is DENIED, without prejudice.

Furthermore, IT IS HEREBY RECOMMENDED as follows:

1. Defendants' motion for summary judgment for failure to exhaust, (ECF No. 38), be granted; and
2. This action be dismissed, without prejudice, based on Plaintiff's failure to exhaust administrative remedies.

\* \* \*

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 1, 2024**              /s/ Barbara A. McAuliffe
                                         UNITED STATES MAGISTRATE JUDGE

20