**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| COLIN M. RANDOLPH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SANDOVAL, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:18-cv-0968 JLT BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT RE: EXHAUSTION, AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE<br><br>(Docs. 38, 47)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE OBJECTIONS AS MOOT<br><br>(Doc. 48) |

Colin M. Randolph is a state prisoner proceeding in this civil rights action pursuant to 42 U.S.C. § 1983 on the following claims in his second amended complaint: (1) excessive force in violation of the Eighth Amendment against Defendants Benavides and Carrillo and (2) retaliation in violation of the First Amendment against Defendants Sandoval, Speidell, and Benavides. (*See* Docs. 16, 20.) Defendants moved for summary judgment, asserting Plaintiff failed to exhaust his available administrative remedies prior to filing suit. (Doc. 38.)

The assigned magistrate judge found Plaintiff "did not submit any appeal that both addressed any of the claims raised in the SAC and was fully exhausted through all required levels." (Doc. 47 at 16; *see also id.* at 16-18.) The magistrate judge also determined that Plaintiff

1  "failed to show a genuine dispute of material fact as to the availability of the grievance process."
2  (*Id.* at 18.)  Rather, the magistrate judge found "there were administrative remedies available to
3  Plaintiff, and Plaintiff's failure to exhaust his administrative remedies as to the claims in this
4  action is not excused."  (*Id.* at 19.)  Thus, the magistrate judge recommended Defendants' motion
5  for summary judgment be granted and the action be dismissed without prejudice.  (*Id.* at 20.)

6  Plaintiff filed timely objections on March 15, 2024.[1]  (Doc. 49.)  Plaintiff's objections
7  largely reiterate the arguments raised in his opposition to Defendants' motion for summary
8  judgment, which were addressed by the magistrate judge.  (*See generally* Doc. 49 at 1-13.)  The
9  Court notes that the exhibits attached to the objections include a copy of Plaintiff's opposition to
10 the motion for summary judgment, as well as exhibits filed in support of the opposition and
11 Defendants' motion for summary judgment.  (*See generally* Doc. 49 at 14-85.)  However,
12 Plaintiff did not identify any facts or evidence to support a conclusion that he exhausted all
13 available remedies.  To the extent Plaintiff argues remedies were unavailable, he does not provide
14 evidence that supports such a conclusion.

15 According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this
16 case. Having carefully reviewed the matter, including Plaintiff's objections, the Court concludes
17 the Findings and Recommendations are supported by the record and proper analysis.  Thus, the
18 Court **ORDERS**:

19 1. Plaintiff's motion for an extension of time to file objections (Doc. 48) is denied as
20 **MOOT**.
21 2. The Findings and Recommendations issued on March 1, 2024 (Doc. 47) are
22 **ADOPTED** in full.
23 3. Defendants' motion for summary judgment (Doc. 38) is **GRANTED**.
24 4. This action is **DISMISSED** without prejudice for failure to exhaust administrative
25 remedies.

26 ///

---

[1] The prior day, Plaintiff filed a motion for extension of time to file his objections.  (Doc. 48.)  However, his objections were filed within the 14 days ordered by the Court.  Thus, the motion for an extension time was unnecessary and is deemed moot.

2

5. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **March 20, 2024**

*/s/ Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE

3